# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAVIER HERRERA, *Plaintiff*, v. KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois, BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police, COOK COUNTY, a body politic and corporate, TONI PRECKWINKLE, in her official capacity County Board of Commissioners President, KIMBERLY M. FOXX, in her official capacity as Cook County State's Attorney, THOMAS J. DART, in his official capacity as Sheriff of Cook County, CITY OF CHICAGO, a body politic and corporate, DAVID O'NEAL BROWN, in his official capacity as Superintendent of Police for the Chicago Police Department, *Defendants*. | Case No. 1:23-cv-00532 Hon. Lindsay C. Jenkins |

## PLAINTIFF'S OPPOSITION TO REQUEST FOR EXTENSION OF TIME

Today, the City Defendants filed a motion requesting a one-week extension to file their response to Dr. Herrera's pending motion for a temporary restraining order and preliminary injunction. ECF 46. As stated in that motion (at ¶7), Dr. Herrera's counsel offered the City an extension through Wednesday, March 8 to respond, which would not delay the filing of Dr. Herrera's reply as scheduled on Friday, March 10. For the following reasons, any further extension is unwarranted and unnecessarily delays a decision on Dr. Herrera's motion, now been pending for more than a month.

First, Defendants proposed the existing response deadline. When Dr. Herrera moved for a temporary restraining order and preliminary injunction more than a month ago, he requested a ruling on the motion before the end of February. ECF 4, 5. Defendants collectively responded by proposing

March 3 for their opposition briefs, in part because that would allow them enough time to coordinate and "coalesce." *See* ECF 46-1 (Tr. 6:20-7:8, 15:17-16:3) ("March 3rd was a date that was achievable by all the defendants"). Over Plaintiff's objection, the Court adopted Defendants' proposal for that more extended briefing schedule.[1] ECF 39. The City Defendants have now asked for more time on top of what they initially proposed and have rejected counsel's attempt to accommodate their request—by offering some of Plaintiff's reply time so as not to further delay when the motion will be fully briefed and ready for a hearing and decision.

Second, the City Defendants state that extending the briefing another week will not prejudice Dr. Herrera. But all along, Dr. Herrera has asked for expeditious consideration of his pending motion. Dr. Herrera has a pending request to reassign his case to be heard alongside one or more related cases in this District. *See* ECF 41; LR 40.4.[2] Since filing that motion to reassign, Judge Virginia M. Kendall in the related *Bevis* case issued a reasoned opinion denying a temporary restraining order and preliminary injunction. ECF 63, *Bevis v. City of Naperville*, No. 1:22-cv-4775 (N.D. Ill.). Reassignment is all the more appropriate in light of the reasoned opinion in *Bevis*, involving the same constitutional questions, the same historical evidence, many of the same experts, and many of the same arguments as those here. And if this case were reassigned to the *Bevis* Court, it stands to reason that as soon as Dr. Herrera's motion is fully briefed next week, where the *Bevis* Court is already deeply familiar with the constitutional issues and has already reviewed voluminous expert reports from the same experts, a hearing

---

[1] The City Defendants' motion quotes portions of a status hearing transcript and states there is no emergency. ECF 46 at ¶2. But at that status hearing, the Court stated it had not had an opportunity to fully review Dr. Herrera's preliminary injunction brief or declaration and repeatedly instructed counsel not to address the merits of the dispute, and the parties did not present argument about irreparable harm or the other preliminary injunction factors. *See* ECF 46-1 (Tr. 5:5-7, 13:13-15, 18:12-13, 19:10-11, 18-19). For all the reasons stated in Dr. Herrera's pending motion, and comporting with *Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011), the constitutional issues in this case warrant expeditious consideration of Dr. Herrera's motion for a preliminary injunction.

[2] Pursuant to Local Rule 40.4(c), counsel filed that motion in the lowest-numbered related case, which is *Goldman v. City of Highland Park*, No. 1:22-cv-4774 (N.D. Ill), and submitted a notice of the motion in the other related case, which is *Bevis v. City of Naperville*, No. 1:22-cv-4775 (N.D. Ill.). Explained in that motion, and confirmed by the subsequent issuance of a reasoned opinion in *Bevis*, reassignment of the related cases to the *Bevis* Court is most appropriate.

can be held and a decision promptly issued.

Third, further delay is inconsistent with other preliminary injunction proceedings in this District. For example, in 2017, the City of Chicago sued the U.S. Attorney General in *City of Chicago v. Sessions* and moved for a preliminary injunction on August 10. ECF 23, No. 1:17-cv-5720 (N.D. Ill.). Responses were filed 14 days later, ECF 32. The City replied within a week, ECF 69, and the Court issued a decision little more than a month after the City filed its motion, ECF 78. Similarly, in the ongoing and related *Bevis* Second Amendment litigation, Defendants responded within days or weeks to the *Bevis* Plaintiffs' motions for preliminary relief.

Here, by comparison, Defendants have had more than a month to respond on a schedule that they proposed. What's more, the City Defendants seek more time to incorporate by reference arguments made by co-Defendants in briefs to be filed tomorrow, March 3. ECF 46 at ¶5. The City Defendants have not explained why they cannot do so by March 8—consistent with the extension that Dr. Herrera's counsel offered—which would allow Dr. Herrera to reply as scheduled and avoid pushing the completion of briefing another week.

There is no basis for further delay here. Dr. Herrera seeks a temporary restraining order and preliminary injunction to stop the ongoing violation of his Second Amendment rights and the resulting irreparable harm, where binding Seventh Circuit precedent states that such "irreparable harm is presumed." *See Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011). Briefing that motion, moreover, entails constitutional analysis, but the historical facts are undisputed; what's disputed is the legal relevance or application of such historical facts. *Cf. Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012) (noting "there are no evidentiary issues" for remand because "[t]he constitutionality of the challenged statutory provisions does not present factual questions for determination in a trial" and instead concerned "'legislative facts,' which is to say facts that bear on the justification for legislation, as distinct from facts concerning the conduct of parties in a particular case ('adjudicative facts') … determined

in trial[]").

  For these reasons, counsel requests that the Court deny in part the City Defendants' motion and require their response by March 8, 2023, with Dr. Herrera's reply to remain due on March 10, 2023, so that Dr. Herrera may soon obtain a decision on his motion either in this Court or in the *Bevis* Court, should the case be reassigned under Local Rule 40.4.

Dated: March 2, 2023

Gene P. Hamilton*
Reed D. Rubinstein*
Michael Ding (IL ARDC 6312671)
AMERICA FIRST LEGAL FOUNDATION
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org
reed.rubinstein@aflegal.org
michael.ding@aflegal.org

Gregory Abbott Bedell
KNABE & BEDELL
33 North Dearborn Street, 10th Floor
Chicago, IL 60602
(312) 977-9119
gbedell@kkbchicago.com

\* *Admitted pro hac vice*

Respectfully submitted,

 */s/ Taylor A.R. Meehan*
Thomas R. McCarthy*
Jeffrey M. Harris*
Taylor A.R. Meehan (IL ARDC 6313481)
C'Zar D. Bernstein*
Matthew R. Pociask*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
jeff@consovoymccarthy.com
taylor@consovoymccarthy.com
czar@consovoymccarthy.com
matt@consovoymccarthy.com

*Counsel for Plaintiff*

4

## CERTIFICATE OF SERVICE

    I hereby certify that on March 2, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to counsel of record.

Dated: March 2, 2023　　　　　　　　　　　　　　　　　　*/s/ Taylor A.R. Meehan*
　　　　　　　　　　　　　　　　　　　　　　　　　　　Taylor A.R. Meehan