IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAVIER HERRERA, | ) | Case No. 1:23-cv-00532 |
| | ) | |
| Plaintiff, | ) | Hon. Lindsay C. Jenkins |
| | ) | |
| v. | ) | |
| | ) | |
| KWAME RAOUL, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
FOR RULE 40.4 REASSIGNMENT OF RELATED CASES**

Plaintiff Herrera filed a Motion for Rule 40.4 Reassignment of *Herrera v. Raoul, et al.*, No. 23-cv-532, ECF 41-1 (N.D. Ill.) ("Motion"), and supporting memorandum ("Mem."), requesting reassignment to one of two related cases pending in the Northern District of Illinois: *Goldman v. Highland Park*, No. 23-cv-4774 (N.D. Ill.), or *Bevis v. Naperville*, No. 22-cv-4755 (N.D. Ill.). Defendants, Kwame Raoul, in his official capacity as Attorney General for the State of Illinois, and Brendan Kelly, in his official capacity as Director of the Illinois State Police, by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, are not opposed to reassignment of *Herrera*, as they agree that reassignment would serve the interests of judicial economy and efficiency. However, it is the State Defendants' position that reassignment should properly be to *Bevis v. Naperville*, No. 22-cv-4755 (N.D. Ill.), where the court recently issued an opinion discussing the constitutionality of the Protect Illinois Communities Act, Public Act 102-1116 ("the Act"), and in which the Attorney General recently intervened pursuant to Federal Rule of Civil Procedure 5.1. Alternatively, the State Defendants do not oppose reassignment of *Herrera* to *Viramontes, et al., v. County of Cook, et al.*, No. 21-cv-4595 (N.D. Ill.), the earliest filed case

presenting the common question of whether the Second Amendment permits the type of regulation of assault weapons reflected in the Act.[1]

### *Herrera*

*Herrera* involves a Second Amendment challenge to the Act, which restricts access to assault weapons and large capacity magazines. The plaintiff, Javier Herrera ("Herrera"), also brings Second Amendment challenges concerning the Cook County and City of Chicago ordinances regulating assault weapons and large capacity magazines. Herrera filed his complaint and motion for a preliminary injunction on January 27, 2023, shortly after the Governor signed the Act into law on January 10, 2023. On February 23, 2023, after the filing of the Motion to Reassign, the Executive Committee for the Northern District of Illinois reassigned *Herrera* from Judge Mary Rowland to Judge Lindsay Jenkins. ECF 42. The State Defendants filed their response, along with multiple supporting declarations and exhibits, to Herrera's motion for a preliminary injunction on March 3. No. 23-cv-532, ECF 52 (response brief and 15 supporting exhibits). To date, the Court has not made any substantive rulings in the case.

### *Bevis*

In *Bevis*, which was filed September 7, 2022, the plaintiffs sought a temporary restraining order and preliminary injunction against Naperville's ordinance banning the sale of assault rifles. Later, on January 24, 2023, the *Bevis* plaintiffs amended their complaint to add a challenge to the constitutionality of the Act's restrictions on assault weapons and large capacity magazines, and

---

[1] The State Defendants understand that the Cook County officials named as defendants in *Herrera* ("Cook County Defendants") believe that if *Herrera* is to be reassigned, that it should be assigned to *Viramontes*, where the Cook County Defendants have been litigating the validity of the county's assault weapons ordinance since 2021. *See* No. 23-532, ECF 56. This position is not objectionable to the State Defendants as detailed herein. The State Defendants' overriding objective is prompt resolution of the pending preliminary injunction motion on a complete record that reflects the State Defendants' evidence and argument regarding the Act.

2

sought an injunction against it as well. *See* No. 22-cv-4775, ECF 48–51. They did not, however, name any state official as a defendant in their amended complaint. On February 17, 2023, the *Bevis* court denied the motion for a temporary restraining order and preliminary injunction against the Act and the Naperville ordinance. *Bevis v. City of Naperville*, No. 22-cv-4775, ECF 63, 2023 WL 2077392 (N.D. Ill. Feb. 17, 2023) (Kendall, J.). Applying *New York State Pistol & Rifle Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the court found that the Act is "constitutionally sound," and the plaintiffs were unlikely to succeed on the merits of their Second Amendment challenge. *Bevis*, 2023 WL 2077392, at *18-30.

The *Bevis* court unquestionably has in depth familiarity with the Second Amendment issues raised in *Herrera* and could most expediently resolve the motion for temporary restraining order and preliminary injunction pending in *Herrera*. It has already conducted the necessary historical and legal analysis under *Bruen* and found the Act to be constitutionally sound. As counsel for Herrera concedes, "the *Bevis* motion could be decided . . . in such a way that could dictate the resolution of *Herrera*." Mem. at 14. The State Defendants believe that such a decision has now been made in *Bevis*, and that a prompt ruling can be made by the *Bevis* court in *Herrera* if *Herrera* is transferred there.

Transfer of *Herrera* to the *Bevis* court would also promote efficiency both for the district and appellate courts. The Attorney General has intervened in *Bevis* to defend the constitutionality of the Act as permitted by Federal Rule of Civil Procedure 5.1.[2] No. 22-cv-4775, ECF 68, 70. Shortly after the *Bevis* court's ruling, the plaintiffs filed a notice of appeal. No. 22-cv-4775, ECF

---

[2] No state official is a defendant in either *Goldman* or *Viramontes*. Nor has notice been given in either case under Rule 5.1 that the constitutionality of a state statute is being challenged. The *Goldman* plaintiffs have sought leave to amend their complaint to add a challenge to the Act, but their request remains pending and, as a result, the Act is not at issue yet.

64. The Attorney General has been allowed leave from the Seventh Circuit to participate in that appeal. *Bevis, et al. v. Naperville, et al.*, No. 23-1353, ECF 7. Given that the constitutionality of the Act is at issue in both *Herrera* and *Bevis*—albeit without state officials being parties and without the Attorney General having been heard on the merits in the district court yet in *Bevis*—the cases should be considered together by the Seventh Circuit. As a result, reassigning *Herrera* to the *Bevis* court will promote judicial economy, efficiency, and minimize the risk of inconsistent rulings or judgments in multiple cases at both the trial and appellate court levels.

### *Viramontes*

*Viramontes* was filed on August 27, 2021. No. 21-cv-4595, ECF 1. It is the earliest filed case in the Northern District of Illinois addressing Second Amendment challenges to the Cook County ordinance banning assault weapons. Plaintiff Herrera acknowledges that *Viramontes* is a related case under Rule 40.4(a) in his civil cover sheet. Case No. 23-cv-532, ECF. 1-1. He similarly does not contest that the cases "involve some of the same issues of fact or law." L.R. 40.4(a). The *Viramontes* court has not yet had the opportunity to address whether Cook County's assault weapons ordinance violates the Second Amendment—a question on which the merits of *Herrera* will also turn, at least with respect to the Cook County officials sued in both cases. This supports reassignment. *See Gautreaux v. Chi. Hous. Auth.*, 2013 U.S. Dist. LEXS 145977, *15–16 (N.D. Ill. Oct. 9, 2013) (Aspen, J.) (concluding that Rule 40.4(b)(3) was satisfied because court had not yet considered primary question raised in later-filed case).

Plaintiff *Herrera* asserts that reassignment to *Viramontes* is not appropriate because there is no preliminary injunction pending in the case (Mem. at 10), but this is not a consideration for reassignment under Rule 40.4. The relevant inquiry under Rule 40.4(b)(4) is whether the cases are susceptible to disposition in a single proceeding. This condition is satisfied when issues of law and

4

fact are the same in both cases. *Pactiv Corp. v. Multisorb Technologies, Inc.*, 2011 U.S. Dist. LEXIS 15991, *5 (N.D. Ill. Feb. 15, 2011) (Leinenweber, J.) (explaining Rule 40 is satisfied where actions "involve fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings, whether in claim construction, summary judgment or trial"). This is true here, as *Herrera* and *Viramontes* challenge parallel regulations that concern similar constitutional questions. Given that the Act is not at issue in *Goldman*, and no state official is a defendant there, *Goldman* does not presently involve the same laws or ordinances challenged in *Herrera* or *Bevis*; thus, it is less likely to allow efficient resolution of all issues in a unified proceeding. For all the foregoing reasons, if *Herrera* is not reassigned to the *Bevis* court, it alternatively should be reassigned to the *Viramontes* court.

Dated: March 6, 2023

Respectfully submitted,

/s/ *Keri Holleb Hotaling*
Keri Holleb Hotaling
Christopher G. Wells
Kathryn Hunt Muse
Office of the Illinois Attorney General
100 W. Randolph Street, 12th Floor
Chicago, IL 60601
312-814-3000
Keri.HollebHotaling@ilag.gov

*Counsel for Defendants Attorney General Raoul and Director Kelly*

## CERTIFICATE OF SERVICE

      I, Keri Holleb Hotaling, hereby certify that on March 6, 2023, I have caused a true and correct copy of **State Defendants' Response to Plaintiff's Motion for Rule 40.4 Reassignment of Related Cases** be sent via e-filing to all counsel of record in accordance with the rules regarding the electronic filing and service of documents.

                                    /s/ *Keri Holleb Hotaling*
                                    Keri Holleb Hotaling
                                    Office of the Illinois Attorney General
                                    100 W. Randolph Street, 12th Floor
                                    Chicago, IL 60601