UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAVIER HERRERA,<br><br>*Plaintiff*,<br><br>v.<br><br>KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois, BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police, COOK COUNTY, a body politic and corporate, TONI PRECKWINKLE, in her official capacity as Cook County Board of Commissioners President, EILEEN O'NEILL BURKE, in her official capacity as Cook County State's Attorney, THOMAS J. DART, in his official capacity as Sheriff of Cook County, CITY OF CHICAGO, a body politic and corporate, LARRY B. SNELLING, in his official capacity as Superintendent of Police for the Chicago Police Department,<br><br>*Defendants*. | Case No. 1:23-cv-00532<br><br>Hon. Lindsay C. Jenkins |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**STATE AND CITY DEFENDANTS' MOTION TO STAY**

Plaintiff Javier Herrera respectfully requests this Court deny the State and City Defendants' motion to stay the proceedings (Doc. 128) pending the Seventh Circuit's resolution of *Barnett v. Raoul*, No. 24-3060.

The State and City have failed to demonstrate that this case should be stayed, either under the guidance supplied by other courts in the Northern District or under the standards supplied by the U.S. Supreme Court and the Seventh Circuit. They argue that this case should be stayed because the *Barnett* appeal may completely resolve Dr. Herrera's challenge to bans on possessing or purchasing common firearms by the City of Chicago, Cook County, and the State. At the same time, they argue that continued litigation in Dr. Herrera's case will require extensive and burdensome expert discovery. But

1

these arguments are in inherent tension. *Barnett* can control here only to the extent that this case presents a question of constitutional law that can be resolved on a shared historical record. The burden of litigating that question should be minimal, especially in light of the extensive expert discovery that the parties have already conducted in this case and others. But if this case turns on the record made in extensive expert discovery, Dr. Herrera should be allowed to develop that record. This Court should deny the Defendants' motion to stay (Doc. 128).

## BACKGROUND

Dr. Javier Herrera is an emergency room physician and volunteer SWAT medic who lives in Chicago, Illinois. Dr. Herrera wishes to exercise the right guaranteed by the Second Amendment and to keep certain lawfully purchased firearms and magazines at his Chicago home for lawful purposes such as self-defense, training, hunting, and target shooting. But state law and local ordinances prohibit Dr. Herrera from possessing his commonly owned firearms at his home, or from purchasing new firearms or replacement parts.

In January 2023, Dr. Herrera filed this lawsuit to challenge the state laws and local ordinances that prohibit the purchase and possession of common civilian firearms and magazines in the City of Chicago, Cook County, and State of Illinois. *See* Compl. (Doc. 1); *see also* 720 ILCS 5/24-1.9, 5/24-1.10; Cook Co. Code of Ord. §54-211, §54-212; Chi. Muni. Code §8-20-075, §8-20-085. This case is not the only case challenging the same or similar restrictions on firearm purchase and possession. *See Bevis v. City of Naperville*, No. 1:22-cv-4775 (N.D. Ill.); *Viramontes v. Cook County*, No. 1:21-cv-4595 (N.D. Ill.); *Barnett v. Raoul*, No. 3:23-cv-209 (S.D. Ill.).

Shortly after filing suit, Dr. Herrera and the plaintiffs in *Bevis* and *Barnett* each filed motions for preliminary injunctions. Those motions were denied for Dr. Herrera and the *Bevis* plaintiffs but granted for the *Barnett* plaintiffs. The Seventh Circuit reviewed the appeals from each case on a consolidated basis, reversed the preliminary injunction in favor of the *Barnett* plaintiffs, and ruled that

2

none of the plaintiffs were likely to succeed on the merits of their challenges. *See Bevis v. City of Naperville*, 85 F.4th 1175 (7th Cir. 2023).

After an unsuccessful petition for certiorari, Dr. Herrera filed an amended complaint. *See* Am. Compl. (Doc. 101). This Court set Dr. Herrera's case for fact discovery. *See* Minute Order (Doc. 106). In the meantime, Judge McGlynn in the Southern District of Illinois had conducted a bench trial in *Barnett* and ordered final judgment in favor of the plaintiffs. *See Barnett v. Raoul*, 2024 WL 4728375, at *68 (S.D. Ill. Nov. 8, 2024). The State Defendants in *Barnett* appealed to the Seventh Circuit, which stayed the district court's permanent injunction. *See* Ex. 1 (Doc. 128) at 2.

In light of the Seventh Circuit's acceptance of the *Barnett* appeal and the parties' agreement that they would not be able to complete factual discovery in the original allotted time, Dr. Herrera, the State, and the City jointly requested a stay of the proceedings. *See* Joint Status Report (Doc. 116) at 1-2. At the time, Dr. Herrera agreed with State and City Defendants that given the early stages of the case and how little discovery had been conducted, "[j]udicial economy … counsels in favor of a stay of discovery." *Id.* at 2. This Court, however, denied the joint motion for a stay, and set April 2 as the date for the close of fact discovery. *See* Minute Order (Doc. 117). So the parties continued with discovery, engaging in robust production of written materials and documents, and conducting a deposition of Dr. Herrera. The parties have now concluded fact discovery.

On April 1, 2025, the State and City renewed their motion for a stay of the proceedings pending resolution of the *Barnett* appeal. *See* Mot. to Stay (Doc. 128). The County takes no position on the motion. But now, with fact discovery complete, the same principles of "judicial economy" no longer counsel for a stay. For that reason, and the others explained below, Dr. Herrera opposes the motion and requests that this Court deny the motion to stay.[1]

---

[1] On April 7, 2025, the State and City moved to supplement their motion to stay with two additional exhibits—an order from *Bevis v. City of Naperville*, No. 1:22-cv-4755 (N.D. Ill.), granting the

3

**LEGAL STANDARD**

A stay of proceedings should only be granted in "exceptional circumstances." *Int'l College of Surgeons v. City of Chicago*, 153 F.3d 356, 359 (7th Cir. 1998) (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). A stay "is rarely appropriate" when the parallel litigation "will not dispose of the entire case," *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001) (cleaned up), and courts must reject motions to stay proceeding when "the case is highly unlikely to be *disposed of completely* by the decision" in the parallel litigation. *Riddell, Inc. v. Kranos Corp.*, 2017 WL 959019, at *4 (N.D. Ill. Mar. 12, 2017) (emphasis added).

"The proponent of a stay" "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In deciding whether to grant a stay, the Court considers "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012). But these are not co-equal factors. "[I]n any scenario, the party moving for the stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.'" *SEC v. Glick*, 2019 WL 78958, at *6 (N.D. Ill. Jan. 2, 2019) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). So, "[t]o order a stay of proceedings, it must be clear that the interests of justice require it, that adjudication of the claim would be a waste of judicial effort and that the plaintiff will not be substantially harmed by the delay." *Id.* (cleaned up). Stays are disfavored in civil-rights cases, *see Costantino v. City of Atl. City*,

---

parties' joint motion for stay; and an order from the Seventh Circuit in *Barnett* setting that appeal on a briefing schedule. But neither exhibit provides any further support to the State and City Defendants' motion. The stay order in *Bevis* is distinguishable from the current motion, since in *Bevis* the parties file an unopposed, joint motion, and there was no indication that the parties has completed fact discovery. And the briefing schedule in *Barnett* should not affect Plaintiff's right to fully present his case without being estopped by similar subjects in parallel litigation. *See infra* 8-9.

4

2015 WL 668161, at *3-8 (D.N.J. Feb. 17, 2015), as delay materially impairs pursuit of claims that are considered "profoundly important," *see Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987).

## ARGUMENT

**I.    The *Barnett* appeal may not completely resolve the issues in this case.**

Though the cases have common legal issues, the *Barnett* appeal may not be "entirely dispositive of this case," *Dawoudi v. Nationstar Mortgage, LLC*, 2016 WL 8711604, at *2 (N.D. Ill. Sept. 16, 2016), or lead to "the complete resolution of the issues between the parties," *Consol. Edison*, 30 F. Supp. 2d at 389. The State and City claim that *Barnett* will "likely resolve" the "legal and factual questions central to this lawsuit." Mot. to Stay (Doc. 128) at 6. But the State has raised arguments in *Barnett* that could limit the reach of a decision in that appeal. During *Barnett*'s district court proceedings, the State Defendants submitted proposed conclusions of law that attempted to resolve the case on grounds not fully applicable here. For example, the State Defendants claim that all the *Barnett* plaintiffs "fail to meet the heightened standard for facial challenges," so their claims should be dismissed in full. *See* Proposed Conclusions of Law (Doc. 248), *Barnett v. Raoul*, No. 3:23-cv-00209, at 19 (S.D. Ill. Oct. 21, 2024). The State Defendants provided no indication that they intend to abandon this argument on appeal.

In any event, the arguments presented by *Barnett* and this case do not perfectly overlap. This case and *Barnett* share some legal questions. *See* Mot. to Stay (Doc. 128) at 6-7. But the *Barnett* plaintiffs brought broader claims focused on restrictions on selling firearms, requirements to register firearms, and the ability to publicly carry the restricted firearms, *id.* at 25, 32, while Dr. Herrera focuses on possessing his firearms in his home. And Dr. Herrera presents different arguments even on the shared issues. For example, Dr. Herrera has pointed to the Militia Acts as confirming that there was no historical tradition of prohibiting common civilian weapons that could be used for self- and common-defense in the home, while the *Barnett* plaintiffs have not. Thus, *Barnett* may not dictate the result here.

**II.     Granting a stay now will not meaningfully reduce the Defendants' burden of litigation, and will not reduce Dr. Herrera's burden of litigation.**

The State and City have failed to show an adequate reduction in "the burden of litigation on the parties and on the court." *In re Groupon Derivative Litig.*, 882 F. Supp. 2d at 1045. As explained, the State and City argue that *Barnett* might control the outcome in this case. That argument acknowledges that the primary issues in this case are legal questions like the relevance and importance of historical facts, so the burden of litigation should be reduced. *Cf. Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012) (noting that there are "no evidentiary issues" for remand when "[t]he constitutionality of the challenged statutory provisions does not present factual questions for determination in a trial" but only "'legislative facts,' which is to say facts that bear on the justification for legislation"). And the burden of expert discovery should be lightened by the significant expert discovery in which the Defendants have already engaged in both this case and others like *Barnett*.

The State and City's claim that failure to pause expert discovery imposes "unjustifiable costs" fails to grapple with the context of this case and Defendants' own arguments. Mot. to Stay (Doc. 128) at 8. After all, the State and City argue that this case will be controlled by "the legal and factual questions" addressed in their portion of the *Barnett* appeal—namely, the meaning of "arms," whether weapons are predominantly used in "military service," and whether there is a history of comparable regulations on comparable weapons. *See id.* at 6-7. Defendants have already completed a dizzying amount of expert discovery and production addressing the same topics, which should reduce the burden of expert discovery. The State, County, and City Defendants produced nearly 30 separate expert reports addressing these exact questions at the preliminary injunction stage of this case. *See* Docs. 52, 54, 61. And when submitting its arguments in *Barnett*, the State Defendants used 9 of the same 12 expert witnesses—opining on the same set of legal issues—that it presented at the preliminary injunction stage here. *See* Proposed Findings of Fact (Doc. 247), *Barnett v. Raoul*, No. 3:23-cv-00209, at 7-9. Against this backdrop of repeating experts, and given the State and City's argument that they

6

will present the same key defenses in this case as they have in others, the burden of expert discovery should be significantly reduced.

Nor would a stay meaningfully reduce the burden of litigation for Dr. Herrera. Dr. Herrera has already engaged in extensive factual discovery and begun work with experts. To grant a stay now would therefore not only fail to meaningfully reduce the Dr. Herrera's burden of litigation, but would also be inequitable to him. *See Hudson Specialty Ins. Co. v. Joseph*, 2020 WL 3050251, at *3 (N.D. Ill. June 8, 2020) (courts must "balanc[e] the equities" when determining whether a stay of proceedings is warranted); *see also Glick*, 2019 WL 78958, at *6 ("To order a stay of proceedings, it must be clear that the interests of justice require it." (cleaned up)).

As previously discussed, on February 12, 2025, Dr. Herrera, State Defendants, and City Defendants jointly moved for a stay of discovery pending the resolution of the *Barnett* appeal. *See* Status Report (Doc. 116) at 2. Since there was still substantial fact discovery to be completed at that time, Dr. Herrera agreed that judicial economy might favor waiting on the *Barnett* appeal before embarking on further time-consuming litigation. But the Court denied that joint motion the following day. *See* Minute Order (Doc. 117). Now, the benefit of a stay has been substantially reduced by the completion of fact discovery.

The State and City's insistence on the need "to expend significant resources" on "historical inquiry" and "factual and legal complexity" illustrates the unresolvable tension in their request for a stay. Mot. to Stay (Doc. 128) at 9. They claim both that the *Barnett* appeal will conclusively resolve "the legal and factual questions central to this lawsuit," *id.* at 6, and also that continued litigation in this case will require extensive expert discovery, *see id.* at 9. But if resolution of this case demands extensive discovery, Dr. Herrera should be permitted to pursue relief based on the record in his case. If it instead turns on legal questions that can be resolved by a historical record shared by this case and *Barnett*, then the burden of continued discovery should be minimal.

7

**III.     Dr. Herrera will be prejudiced by a stay.**

A stay at this point would "unduly prejudice or tactically disadvantage" Dr. Herrera. *In re Groupon Derivative Litig.*, 882 F. Supp. 2d at 1045. The State and City declare that a stay will not prejudice any party. Mot. to Stay (Doc. 128) at 10. But their arguments indicate that Dr. Herrera's ability to develop the record for resolution of his case could be substantially curtailed. The State and City suggest that a stay might be used to resolve Dr. Herrera's case based on the record established in another case. *Id.* at 6-8. The State and City appear to argue that, if the State prevails in *Barnett*, Dr. Herrera's case should be decided without a chance to fully litigate any underlying questions about arms, military usage, and comparable firearm regulations.

The Seventh Circuit has rejected this kind of dismissive treatment of a litigant as an abuse of discretion. *See Munson v. Butler*, 776 F. App'x 339, 340-43 (7th Cir. 2019). In *Munson*, the plaintiff hired the same expert witnesses as had been hired by another plaintiff in another case, and in both cases these experts were to opine on the same core issue. *Id.* at 340-41. The district court in *Munson* granted a stay of expert discovery, reasoning that the issue in *Munson* would be bound by the result of the parallel litigation involving the same experts testifying on the same threshold issue. *Id.* But the Seventh Circuit reversed, holding that even though the issues were identical, a plaintiff cannot "be estopped from litigating for himself" the threshold factual issue. *Id.* at 342. So "even if he faces an uphill climb in showing that the [parallel] decision was incorrect," a plaintiff may not be denied the opportunity to prepare a complete factual record and fully litigate the issues raised by his case, if he so desires. *Id.* To have a "full and fair opportunity" to litigate his case, a plaintiff must be able to both present his own expert evidence and meaningfully cross-examine and contest the expert evidence relied on by Defendants. *Id.* (cleaned up). If this case turns on the extensive discovery that the State and City cite,

8

Dr. Herrera should be permitted to "litigat[e] for himself," not have his claims disposed of based on the record in another case. *Id.*[2]

Since Dr. Herrera will be unduly prejudiced and tactically disadvantaged by the proposed motion to stay, the State and City face a substantial burden to justify the stay. "[I]n any scenario, the party moving for the stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.'" *Glick*, 2019 WL 78958, at *6 (quoting *Landis*, 299 U.S. at 255). Here, the requested stay will prejudice Dr. Herrera, so Defendants must make out a "clear case of hardship or inequity" to still receive a stay. The State and City have not carried that burden.

## CONCLUSION

For these reasons, Dr. Herrera respectfully requests that this Court deny the State and City's motion to stay the proceedings (Doc. 128) pending the Seventh Circuit's resolution of *Barnett v. Raoul*, No. 24-3060.

---

[2] Defendants argue that "[d]elay alone is not enough to tip the balance or to constitute unfair prejudice." Mot. to Stay (Doc. 128) at 10. But here—as in the case cited by Defendants, *Riddell, Inc v. Kranos Corp*, 2017 WL 959019 (N.D. Ill. Mar. 12, 2017)—Dr. Herrera is not relying solely on delay. The State and City are not simply seeking delay of a "determination" of the claims; Defendants are seeking to give Dr. Herrera a "tactical disadvantage" by functionally "estopp[ing]" him from pursuing his claims and interfering with his collection of evidence and preparation of factual case. *Id.* at *2.

9

Dated: April 17, 2025                                              Respectfully submitted,

                                                                   */s/ Gilbert C. Dickey*
Reed D. Rubinstein*                                                Thomas R. McCarthy*
Ryan Thomas Giannetti*                                             Jeffrey M. Harris*
AMERICA FIRST LEGAL FOUNDATION                                     Taylor A.R. Meehan (IL ARDC 6313481)
300 Independence Avenue SE                                         Gilbert C. Dickey*
Washington, DC 20003                                               C'Zar D. Bernstein*
(202) 964-3721                                                     CONSOVOY MCCARTHY PLLC
reed.rubinstein@aflegal.org                                        1600 Wilson Blvd., Ste. 700
ryan.giannetti@aflegal.org                                         Arlington, VA 22209
                                                                   (703) 243-9423
Gregory Abbott Bedell                                              tom@consovoymccarthy.com
GREGORY A. BEDELL, CHARTERED                                       jeff@consovoymccarthy.com
33 North Dearborn Street, 10th Floor                               taylor@consovoymccarthy.com
Chicago, IL 60602                                                  gilbert@consovoymccarthy.com
(312) 977-9119                                                     czar@consovoymccarthy.com
gbedell@gabchartered.com

\*   *Admitted pro hac vice*


                                        *Counsel for Plaintiff*

10

**CERTIFICATE OF SERVICE**

   I certify that on April 17, 2025, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to counsel of record.

Dated: April 17, 2025                 */s/ Gilbert C. Dickey*
                                  Gilbert C. Dickey*