# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAVIER HERRERA, *Plaintiff*, v. KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois, BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police, COOK COUNTY, a body politic and corporate, TONI PRECKWINKLE, in her official capacity as Cook County Board of Commissioners President, EILEEN O'NEILL BURKE, in her official capacity as Cook County State's Attorney, THOMAS J. DART, in his official capacity as Sheriff of Cook County, CITY OF CHICAGO, a body politic and corporate, LARRY B. SNELLING, in his official capacity as Superintendent of Police for the Chicago Police Department, *Defendants*. | Case No. 1:23-cv-00532 Hon. Lindsay C. Jenkins |

## UNOPPOSED MOTION FOR EXTENSION OF TIME
## TO DISCLOSE REBUTTAL EXPERT REPORTS AND DEPOSE EXPERTS

Plaintiff Javier Herrera respectfully moves this Court for an extension of time to disclose rebuttal expert reports and to take expert depositions, and states as follows:

1. On October 23, 2025, this Court entered an amended scheduling order regarding expert discovery. Pursuant to that scheduling order, the State, County, and City Defendants were required to produce their expert reports by January 9, 2026. *See* Minute Entry (Doc. 151). Pursuant to the same order, Plaintiff Herrera is currently required to produce any rebuttal expert reports by March 6, 2026, and complete expert depositions by May 1, 2026. *See id.*

1

2. Leading up to the October 23, 2025, scheduling order from the Court, Plaintiff Herrera consented to two motions filed by the Defendants seeking extensions of time for their expert discovery, which extended the Defendants' time to produce expert reports by over three months.

3. On January 9, 2026, the State, County, and City Defendants produced their export reports. The State Defendants produced 12 expert reports. The County Defendants produced 10 expert reports. The City Defendants produced 12 expert reports. Not counting duplicates, the Defendants altogether produced a total of 18 unique reports, necessitating extensive review by Plaintiff Herrera.

4. Plaintiff Herrera intends to file rebuttal expert reports to the Defendants' expert reports. Plaintiff Herrera is also diligently working toward completing the review of the Defendants' expert reports and preparation of rebuttal expert reports.

5. However, due to the scheduling changes caused by the Defendants' two motions for extensions of time and unexpected developments in other cases, counsel for Plaintiff Herrera requires additional time to complete review of the production and service of rebuttal reports. Among other things:

    a. On February 5, 2026, undersigned counsel has preliminary injunction response briefing due in *In re S.B. 202 Litigation*, No. 1:21-mi-55555 (N.D. Ga.), regarding the implementation of key Georgia election rules for the 2026 midterm election;

    b. On February 9, 2026, undersigned counsel has a merits brief due in the Supreme Court in *Watson v. Republican National Committee*, No. 24-1260 (U.S.), with oral argument expected later in the spring;

    c. On February 19, 2026, undersigned counsel has a petition for certiorari due to the Supreme Court in *Mi Familia Vota v. Fontes*, No. 24-3188 (9th Cir.);

    d. On February 27, 2026, undersigned counsel has a supplemental brief due in *Republican National Committee v. Burgess*, No. 24-5071 (9th Cir.); and,

    e. During February 2026, undersigned counsel is expecting the birth of a child, which will temporarily limit counsel's availability.

6. Plaintiff Herrera will be prejudiced without the requested extension. Given the high number of expert reports produced by the Defendants, the experts retained by Plaintiff Herrera require additional time to analyze and respond to the claims made in the Defendants' expert reports.

7. Plaintiff Herrera proposed a 90-day extension of time to counsel for the Defendants. The Defendants do not oppose the requested extension of time.

8. This motion is being filed in good faith and not for the purpose of undue delay. The requested extension will not unduly prolong the Court's proceedings, and no party will be materially prejudiced by this extension.

9. Accordingly, the parties propose the following amended discovery schedule:

   a. Plaintiff's rebuttal reports to be produced on or before June 4, 2026; and

   b. Expert depositions to be completed on or before July 30, 2026.

For the foregoing reasons, Plaintiff Herrera respectfully requests that this Court grant this motion for extension of time and extend the deadline to produce rebuttal expert reports and take expert depositions.

Dated: February 2, 2026,

Respectfully submitted,

/s/ *Gilbert C. Dickey*

| | |
|---|---|
| Ryan Thomas Giannetti<br>AMERICA FIRST LEGAL FOUNDATION<br>300 Independence Avenue SE<br>Washington, DC 20003<br>(202) 964-3721<br>ryan.giannetti@aflegal.org<br><br>Gregory Abbott Bedell<br>GREGORY A. BEDELL, CHARTERED<br>33 North Dearborn Street, 10th Floor<br>Chicago, IL 60602<br>(312) 977-9119<br>gbedell@gabchartered.com | Thomas R. McCarthy*<br>Jeffrey M. Harris*<br>Taylor A.R. Meehan (IL ARDC 6313481)<br>Gilbert C. Dickey*<br>CONSOVOY MCCARTHY PLLC<br>1600 Wilson Blvd., Ste. 700<br>Arlington, VA 22209<br>(703) 243-9423<br>tom@consovoymccarthy.com<br>jeff@consovoymccarthy.com<br>taylor@consovoymccarthy.com<br>gilbert@consovoymccarthy.com |

\* *Admitted pro hac vice* *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2026, I served the foregoing document with the Clerk of Court using the Court's ECF system, thereby serving all counsel who have appeared in this case.

*/s/ Gilbert C. Dickey*
Gilbert C. Dickey

*Counsel for Plaintiff*